**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES DONALD BURKHALTER**                                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 1:14cv219-KS-MTP**

**IRB BENJAMIN**                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petition of James Donald Burkhalter for Writ of Habeas Corpus [1] and on Respondent's Motion for Reconsideration [14]. Having carefully considered the submissions of the parties, the entire record, and the applicable law, the undersigned recommends that the Motion for Reconsideration be GRANTED and the Petition [1] be DISMISSED with prejudice for failure to exhaust state remedies.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

On September 10, 2013, Petitioner James Donald Burkhalter pleaded guilty to unlawful possession of a firearm as a convicted felon in the Circuit Court of Stone County, Mississippi. He was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 to serve a two-year term of imprisonment.[2]

---

[1] On June 22, 2016, the undersigned entered a Report and Recommendation [13], recommending that the Petition be dismissed for Petitioner's failure to exhaust state court remedies. On July 1, 2016, however, Respondent filed a Motion to Reconsider Report and Recommendation [14], asserting that he discovered that Petitioner took additional steps in the state courts regarding post-conviction relief. Respondent argues that, despite the additional steps taken by Petitioner, the Petition should be dismissed for failure to exhaust state remedies. On July 5, 2016, the undersigned withdrew the Report and Recommendation [13] and directed Petitioner to file a response to the Motion to Reconsider on or before July 22, 2016. Petitioner failed to file a response; thus, the undersigned will address the Motion [14] and the Petition without a response from Petitioner.

[2] *See* Sentencing Order [6-1].

1

On October 11, 2013, Petitioner filed a "Motion for Post-Conviction Collateral Relief," in the Circuit Court of Stone County, challenging his sentence as a habitual offender.[3]  On January 27, 2014, the circuit court denied Petitioner's motion for post-conviction relief, finding his grounds for relief to be without merit.[4]  Petitioner did not file an appeal of the circuit court's order denying post-conviction relief.  Rather, on or about March 26, 2014, he filed a "Motion for Post-Conviction Relief Illegal Sentencing" before the Mississippi Supreme Court.[5]  On May 1, 2014, the supreme court denied the motion, holding that, "[b]ecause Burkhalter pleaded guilty and has not had a direct appeal, he must file any motion for post-conviction relief in the trial court."[6]  Petitioner later filed a motion to reconsider, but the supreme court denied that motion on May 27, 2014, on the grounds that "motions for reconsideration of this Court's rulings on motions are not allowed."[7]

On May 22, 2014, Petitioner filed a "Motion for Post-Conviction Relief Illegal Sentencing" in the Stone County Circuit Court, which was denied by the trial court on September 18, 2014.[8]  Petitioner appealed the trial court's ruling to the Mississippi Supreme Court, and on November 10, 2015, the Mississippi Court of Appeals affirmed the trial court's ruling in a written opinion.[9]  Thereafter, Petitioner took no further action on his request for post-conviction relief in the state

---

[3] *See* Motion [6-3].

[4] *See* Order [1-4].

[5] *See* Motion [6-6].

[6] *See* Order [6-7].

[7] *See* Order [6-8].

[8] *See* Motion [14-1]; Order [14-2].

[9] *See Burkhalter v. State*, 179 So. 2d. 67 (Miss. App. 2015).

courts.  Petitioner, however, filed the instant federal habeas petition on or about May 21, 2014. Petitioner claims that his sentence as a habitual offender is illegal because his prior convictions arose from the same nucleus of operative facts.

As previously mentioned, in his Motion for Reconsideration [14], Respondent argues that the Petition should be dismissed for Petitioner's failure to exhaust state court remedies.  Respondent emphasizes that Petitioner did not file a motion for rehearing in the court of appeals or a petition for writ of certiorari to the Mississippi Supreme Court.  Respondent also argues that the time for Petitioner to seek rehearing in the court of appeals or review in the supreme court has passed, and, therefore, Petitioner's claim is procedurally barred.

## ANALYSIS

As outlined above, Respondent argues that the petition should be dismissed because Petitioner has failed to properly exhaust his claim. Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the state remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.

> . . .

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Id.* (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

In this case, the undersigned finds that Petitioner failed to properly exhaust his claim in state court.  As for Petitioner's first post-conviction motion filed on October 11, 2013, the

Circuit Court of Stone County denied the motion, and Petitioner failed to appeal the circuit court's judgment.  Instead, Petitioner filed a new post-conviction motion before the Mississippi Supreme Court.  The supreme court denied the motion and clearly held that, "[b]ecause Burkhalter pleaded guilty and has not had a direct appeal, he must file any motion for post-conviction relief in the trial court."[10]  When Petitioner asked the court to reconsider, the supreme court also denied that request.  Thus, Petitioner's claims were not "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the opportunity to consider the merits of Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275 (noting that fair presentation "requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'").[11]

Petitioner filed a second post-conviction motion in the trial court on May 22, 2014.  The trial court also denied this motion.  Petitioner appealed the trial court's ruling to the supreme court, and the court of appeals affirmed the trial court's ruling.  Petitioner, however, did not file a motion for rehearing in the court of appeals or a petition for writ of certiorari to the supreme court.  Under Mississippi law, an appellant who is displeased with the decision of the Mississippi Court of Appeals must file a motion for rehearing with that court, and if the result of the rehearing proceeding is unsatisfactory, file a petition for writ of certiorari with the Mississippi Supreme Court to obtain review of the court of appeals's decision. *See* Miss. R.

---

[10] *See* Order [6-7].

[11] In his Rebuttal, Petitioner argues that "in a sense" he appealed the state trial court's decision in his post-conviction motion to the supreme court, but he also admits that "his case on the illegal sentence may not have been presented in the procedurally proper manner as the State contends." *See* Rebuttal [8] at 5-6.  As *Mercadel* makes clear,  Petitioner was *required* to present his claims in a procedurally proper manner. 179 F.3d at 275.

App. P. 17(b).

While an appellant has no right to review, he has the right to seek review. *See*, *e.g.*, *Cohen v. State*, 732 So. 2d 867, 871 (Miss. 1999).  In this case, Petitioner failed to file a petition for writ of certiorari.  His failure to seek discretionary review with the Mississippi Supreme Court renders his claims unexhausted. *See*, *e.g.*, *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985) (rejecting argument that discretionary appeal to state supreme court is unnecessary for the purpose of exhausting state remedies); *see also O'Sullivan*, 526 U.S. at 845 (holding that state prisoner must present his claims to state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review).

The time for filing a motion for rehearing with that court of appeals has long expired. *See* Miss. R. App. P. 40 (requiring motion for rehearing to be filed within fourteen days after a decision is handed down).  Additionally, Petitioner's failure to seek rehearing in the court of appeals precludes him from filing a petition for writ of certiorari. *See* Miss. R. App. P. 17(b). As the time for exhausting his claim has passed, Petitioner has procedurally defaulted his claim for purposes of federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). Therefore, federal habeas review of his claim is precluded unless he can show cause for his default and actual prejudice as a result, or that the Court's decision not to address the claim would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995).

6

Petitioner has not attempted to argue any external "cause" for his default, and the undersigned finds that Petitioner has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claim. *Coleman*, 501 U.S. at 753.  Petitioner has also failed to establish that a failure to consider his claim will result in a fundamental miscarriage of justice. Federal case law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in an habeas claim. *See*, *e.g.*, *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim.") Williams has failed to demonstrate that the trial court was constitutionally prohibited from sentencing him as a habitual offender.

Accordingly, because the Mississippi Supreme Court has not been presented with Petitioner's claim in a procedurally proper manner, his claims have not been fully exhausted and the time for doing so has expired.  For these reasons, the Petitioner should be dismissed with prejudice.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion for Reconsideration [14] be GRANTED and the Petition [1] be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 11th day of August, 2016.

s/ Michael T. Parker
United States Magistrate Judge